J-A30044-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JIMMY AARON, | |
| Appellant | No. 664 EDA 2014 |

Appeal from the Judgment of Sentence January 16, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0008978-2013

BEFORE:  LAZARUS, J., MUNDY, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MARCH 04, 2015**

Appellant, Jimmy Aaron, appeals from his bench trial conviction of driving under the influence (general impairment), 75 Pa.C.S.A. § 3802(a)(1).[1] He challenges the sufficiency and the weight of the evidence. We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Driving under influence of alcohol or controlled substance**

**(a) General impairment.--**

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a)(1).

On January 29, 2012, at approximately 1:32 a.m., Philadelphia Police Officer Christopher Ward pulled Appellant over on the 2700 block of Kensington Avenue for driving without headlights on. On approaching and talking with Appellant, the officer observed his slurred speech, bloodshot eyes and the odor of alcohol. Officer Ward arrested Appellant for driving under the influence of alcohol.[2]

After a bench trial, the court convicted Appellant of driving under the influence in violation of 75 Pa.C.S.A. § 3802(a)(1), but acquitted him of a violation of section 3802(b), operating a vehicle with a blood or breath alcohol level of at least 0.10% but less than 0.16% within two hours after the individual has driven or been in control of a vehicle.

On January 16, 2014, the court imposed the guideline sentence for second offenders of a five day term of incarceration plus license suspension of twelve months, mandatory highway safety classes, and ignition interlock for one year, plus fines and costs. The court denied Appellant's post-sentence motion challenging the sufficiency and the weight of the evidence, on February 27, 2014. This timely appeal followed.[3]

---

[2] Later, after he consented to breathalyzer tests, Appellant's blood alcohol content (BAC) tested at .116% at 3:40 a.m., and a minute later at .119%, at 3:41 a.m.

[3] Appellant filed a statement of errors on April 29, 2014. *See* Pa.R.A.P. 1925(b). The trial court filed its opinion on May 14, 2014, referencing its previous opinion dated March 31, 2014 and filed on April 16, 2014, stating
*(Footnote Continued Next Page)*

Appellant presents two questions for our review:

> I. Was the evidence presented at the trial of the Appellant legally sufficient to sustain his conviction of driving while under the influence of alcohol, under 75 Pa.C.S. § 3802(a)(1) [general impairment] where the Commonwealth failed to prove beyond a reasonable doubt that Appellant had imbibed a quantity of alcohol that rendered him incapable of safely operating a vehicle?

> II. Taking into consideration all of the evidence presented at trial was the Appellant's conviction at trial for driving while under the influence of alcohol, under 75 Pa.C.S. § 3802(a)(1) [general impairment] against the weight of the evidence?

(Appellant's Brief, at 9).

In his first question, Appellant challenges the sufficiency of the evidence. He argues generally that the Commonwealth failed to prove beyond a reasonable doubt that he was incapable of safely operating a motor vehicle due to mental or physical impairment from consumption of alcohol. (**See id.** at 16). Specifically, he argues that expert testimony was required; he also claims that the mere odor of alcohol, or blood shot eyes, alone, or slurred speech, failed to prove his diminished capacity to drive. (**See id.** at 17-43). We disagree.

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*(Footnote Continued)* —————————————

its reasons for denying Appellant's motion to stay sentence under Pennsylvania Rule of Appellate Procedure 1762(g). **See** Pa.R.A.P. 1925(a).

Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty, and may sustain its burden by means of wholly circumstantial evidence. Significantly, we may not substitute our judgment for that of the factfinder; if the record contains support for the convictions they may not be disturbed. So long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, his convictions will be upheld. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. McKellick*, 24 A.3d 982, 990 (Pa. Super. 2011), *appeal*

*denied*, 34 A.3d 828 (Pa. 2011) (citation omitted).

The types of evidence that the Commonwealth may proffer in a subsection 3802(a)(1) prosecution include but are not limited to, the following: the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech. Blood alcohol level may be added to this list, although it is not necessary and the two hour time limit for measuring blood alcohol level does not apply. Blood alcohol level is admissible in a subsection 3801(a)(1) case only insofar as it is relevant to and probative of the accused's ability to drive safely at the time he or she was driving. The weight to be assigned these various types of evidence presents a question for the fact-finder, who may rely on his or her experience, common sense, and/or expert testimony. Regardless of the type of evidence that the Commonwealth proffers to support its case, the focus of subsection 3802(a)(1) remains on the inability of the individual to drive safely due to consumption of alcohol-not on a particular blood alcohol level.

*Commonwealth v. Segida*, 985 A.2d 871, 879 (Pa. 2009).

Thus, under our standard of review, and pertinent caselaw, it is beyond serious dispute that the Commonwealth presented sufficient evidence to support Appellant's conviction. Appellant misconceives our standard of review under which we view the evidence presented in the light most favorable to the Commonwealth as verdict winner. Assessment of the weight of the evidence was the province of the trial court as fact-finder. *See McKellick*, *supra* at 990. Accordingly, Appellant's sufficiency claim fails.

Secondly, Appellant challenges the weight of the evidence. (*See* Appellant's Brief, at 44). This claim is waived. Aside from an ill-conceived attempt to incorporate his sufficiency argument by reference, and a generalized invocation of due process supported by a single citation, Appellant fails to develop any argument in support of his claim.[4] (*See id.*). Mere blanket assertions fail to develop an argument, resulting in a waiver of the asserted claim. *See Commonwealth v. McMullen*, 745 A.2d 683, 689 (Pa. Super. 2000), *appeal denied*, 761 A.2d 549 (Pa. 2000).

Moreover, under applicable legal principles, the claim would not merit relief.

> This Court has long recognized that a true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed. Where the trial court has ruled on a weight claim, an

---

[4] *Palko v. Connecticut*, 302 U.S. 319, 327 (1937). We note that the United States Supreme Court overruled *Palko* in *Benton v. Maryland*, 395 U.S. 784, 794 (1969).

appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, our review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

\* \* \*

A new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. In this regard, [t]he evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court.

*Commonwealth v. Thompson*, 2014 WL 6948150, at \*10 (Pa. Super. filed December 10, 2014) (citations, quotation marks, and internal punctuation omitted).

Here, on independent review, the verdict does not shock the conscience of this Court, and we discern no palpable abuse of discretion in the trial court's ruling denying the weight claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/4/2015

- 6 -